livery do not appear to me to have been sufficient to warrant the submission of that question to the jury. The case was tried by the same justice who examined the case and wrote the opinion when it was first before this court upon appeal (39 N. Y. St. Rep. 634, 15 N. Y. Supp. 418); and his discussion of the evidence on the questions of delivery and of undue influence, at the conclusion of the trial, is satisfactory, and affords no reason for any further discussion upon those subjects by this court. I can see no reason for arriving at any different conclusion from that arrived at by us when the case was last before this court, and any doubts expressed at that time as to the propriety of submitting to the jury any question as to the delivery of the deed or deeds have been removed.

The judgment and order appealed from should be affirmed, with costs and disbursements.

---

(89 Hun, 497.)

### SALZBERG v. MANDELBAUM.

(Supreme Court, General Term, First Department. October 18, 1895.)

ATTACHMENT—SUFFICIENCY OF AFFIDAVITS.

An affidavit for attachment alleged that defendant had caused a pretended mortgage of his property to be recorded with intent to defraud his creditors. The only proof offered of such fraudulent intent was the affidavit of one who stated that certain alleged real owners of the property had admitted that the mortgage was fraudulent. *Held* insufficient to support the attachment.

Appeal from special term, New York county.

Action by Rachel Salzberg against Joseph Mandelbaum for the fraudulent disposition of his property. From an order vacating and setting aside a warrant of attachment, plaintiff appeals. Affirmed.

The opinion of Mr. Justice O'BRIEN at special term is as follows:

This attachment was granted upon the ground that the defendant had fraudulently disposed of his property, and it is assailed upon this motion upon the ground that the papers are insufficient. After a statement of the plaintiff's cause of action, the affidavits recite, in effect, that the defendant conveyed the property No. 232 East Ninety-Seventh street to one Joseph Holtzberg; and, while we have the conclusion stated that this was fraudulently done, there are no facts to support it. In addition, it is stated that the defendant now holds the title to premises No. 97 Perry street, and that with intent to defraud his creditors he disposed of his equity in the premises by causing a pretended mortgage for $7,000 in favor of one Lieb Kowalsky to be recorded. The evidence offered to support the conclusion that such mortgage was fraudulent consists of the affidavit of a person who states that Simon Rose and Abraham Mandelbaum, who, it was alleged, were the real owners of the property, had admitted that such mortgage was fraudulent. Such an affidavit is insufficient, for either the defendant was the real as well as the ostensible owner of the Perry street property, in which case he could not be affected by admissions made by third parties who are not his agents, and who hold no such relations to him as to make their admissions binding, or, if we take the other view, that the persons who admitted that the mortgage was fraudulent were the real owners, and the defendant was only the ostensible owner, then their creditors, and not the defendant's, were defrauded by such mortgage. There are other objections to the validity of this attachment, but the one suggested as to the insufficiency of the papers upon which the attachment

was granted need only be referred to. The motion is accordingly granted, with $10 costs.

Argued before VAN BRUNT, P. J., and PARKER, J.

Adolph Cohen, for appellant.

Ira Leo Bamberger, for respondent.

PER CURIAM.  Order affirmed, with costs, on the opinion of the court at special term.

---

(14 Misc. Rep. 270.)

STANNARDS CORNERS RURAL CEMETERY ASS'N v. BRANDES.

(Supreme Court, Special Term, Allegany County.  October, 1895.)

1. EMINENT DOMAIN—PUBLIC USE.
   A statute (Laws 1895, c. 559) which authorizes cemetery corporations to condemn lands does not authorize the taking of private property for private use, where it further provides (sections 45, 49) that such right shall exist where the by-laws of the cemetery corporation do not exclude any person from the privilege of purchasing a lot or burial in a cemetery on equal terms with other persons, and that the cemetery corporation shall sell the use of its lots to any person unless a certificate of incorporation or by-laws otherwise provide.

2. SAME—PETITION.
   A petition to condemn land under such statute is defective where it does not show that petitioner's certificate of incorporation or its by-laws "do not exclude any person from the privilege, on equal terms with other persons, of purchasing a lot or burial in the cemetery."

3. SAME—AMENDMENT.
   Such allegation is jurisdictional, and cannot be inserted in the petition by amendment.

Proceeding by the Stannards Corners Rural Cemetery Association against Charles Brandes to condemn land.

Frank Church, for plaintiff.

Oscar Fuller, for defendant.

WARD, J.   The Stannards Corners Rural Cemetery Association was incorporated under chapter 133 of the Laws of 1847, and the acts amendatory of the same, providing for the incorporation of rural cemetery associations.   That act was amended in 1873 so as to permit such associations to acquire title to lands by condemnation proceedings.   This provision was held to be unconstitutional by the court of appeals in Re Deansville Cemetery Ass'n, 66 N. Y. 569, for the reason that, under the statute cited, the lands to be taken were not for public use.   The court says at page 573:

"It is difficult to see what interest the public will have in the lands or in their use.  No right on the part of the public to buy lots or bury their dead there is secured.  The prices at which the lots are to be sold are to be fixed by private agreement.  The corporation is to be managed by trustees elected by the lot owners.  The lots, or the rights of the owners therein, are to descend as private property to the heirs of these owners," etc.

Therefore, the relief sought upon this motion could not be obtained under the statutes under which the petitioner was incorporated.  It, however, claims that it is entitled to such relief under article 3 of chapter 559 of the Laws of 1895.   This article 3 is entitled "Ceme-